NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30032 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00115-SPW-1 |
| v. | |
| TYSON DANIEL LINGELBACH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 4, 2023
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Tyson Lingelbach pleaded guilty to possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). As permitted by his plea agreement, Lingelbach appeals the district court's denial of his motion to suppress the firearm, which was found in a search of his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In an appeal from the denial of a motion to suppress, we review the district court's legal conclusions de novo and its underlying factual findings for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004).

Under *Michigan v. Long*, police officers may search the passenger compartment of a vehicle—"limited to those areas in which a weapon may be placed or hidden"—when they have "a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." 463 U.S. 1032, 1049–50 (1983) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). Even when a suspect is "effectively under [the officers'] control during [an] investigative stop," *id.* at 1051, officer safety may justify a protective search in circumstances where "if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and . . . then have access to any weapons inside," *id.* at 1052.

At the time of the search in this case, the district court found, the officers had "chose[n] not to arrest" Lingelbach and then "chose to unload and disarm the [firearm] before allowing [Lingelbach] to return to his vehicle. Lingelbach argues that the protective search of his vehicle was not justified because, although he would have been armed upon returning to the vehicle, there was no evidence that he was dangerous. We disagree. The officer first encountered Lingelbach on the

2

side of a road at 2:00 a.m. Lingelbach's initial movement startled that officer, leaving him concerned that Lingelbach was reaching for the gun "situated right next to [him]." Those facts, coupled with the direct knowledge—rather than mere suspicion—of the presence of a firearm, caused the officer to have a reasonable fear for his safety, as Lingelbach was later to be released back to his vehicle. The existence of that fear about officer safety was demonstrated when, at the end of the interaction, the officer advised Lingelbach to "literally just sit there" and not move if stopped in the future. The district court did not clearly err in finding that the officer's reasonable fear justified a limited protective search of the vehicle to make the weapon safe.

**AFFIRMED.**